UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERSON ARDANY GONZALEZ
MUJO,

                Petitioner,

v.                                  Case No. 3:26-cv-1256-MMH-SJH

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

                Respondents.

_____

### ORDER

Petitioner Gerson Ardany Gonzalez Mujo, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Mujo is a citizen of Guatemala who entered the United States as an unaccompanied minor on June 13, 2021. Id. at 6. On April 14, 2026, Hillsborough County Sheriff's Office deputies arrested Mujo for driving under the influence with property damage or personal injury. Id. at 7. The charge remains pending. Id. at 7–8. Following Mujo's arrest, United States Immigration and Customs Enforcement lodged a detainer and assumed custody of Mujo. Id. at 8. Mujo raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 8–22.

Respondent Warden filed a Motion to Dismiss (Doc. 6), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 7; Response) asserting that they are now detaining Mujo under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Mujo filed a counseled Reply (Doc. 8; Reply). He asks the Court to direct his immediate release or, in the alternative, direct that he be afforded an individualized bond hearing. Id. at 15.

When Mujo was detained in April 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Mujo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an

2

individualized bond hearing violates the Immigration and Nationality Act.[1]

Within **seven days** of this Order, Respondents shall either afford Mujo an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Mujo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/16
c:
Counsel of Record

---

[1] Because the Court finds that Mujo is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3